# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANDREW WILLIAMS,<br><br>　　　　　　　　　　Petitioner,<br>　　vs.<br>STUART J. RYAN, Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 05cv0737 WQH(WMc)<br><br>ORDER |

Hayes, Judge:

　　The matter before the Court is the review of the Report and Recommendation (#24) filed on July 25, 2006 by United States Magistrate Judge William McCurine, Jr. recommending that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus be granted in part and denied in part.

　　On April 11, 2005, Petitioner Charles Andrew Williams, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 raising the following four grounds for relief: 1) ineffective assistance of appellate counsel, 2) ineffective assistance of trial counsel, 3) inducement of a plea of guilty from a minor who did not knowingly or intelligently plead guilty, and 4) a claim that his sentencing as an adult violated the Eighth Amendment prohibition against cruel and unusual punishment.

　　On November 15, 2005, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus on the grounds that Petitioner is procedurally barred from seeking federal court relief because he failed to exhaust his state court remedies. Respondent further asserted that

1  this Court should not hold this action in abeyance if the Court finds some claims are exhausted.

2  On December 12, 2005, Petitioner filed an opposition to Respondent's Motion to
3  Dismiss asserting that he had exhausted his state court remedies.

4  On July 25, 2006, United States Magistrate Judge William McCurine, Jr. filed a Report
5  and Recommendation concluding that "Petitioner has failed to exhaust all but one claim:
6  ineffective assistance of trial counsel on the narrow issue of trial counsel's failure to have an
7  MRI examined by experts. All other claims are unexhausted. Therefore, this Court
8  recommends that the Motion to Dismiss be GRANTED as to the unexhausted claims and
9  DENIED as to the single exhausted claim." (Report and Recommendation at 11.) The
10 Magistrate Judge further recommended that "Petitioner's petition NOT be stayed or held in
11 abeyance to allow Petitioner to exhaust all state claims [and that] Petitioner be given the
12 opportunity to delete his unexhausted claims and go forward solely on his exhausted claim."
13 (Report and Recommendation at 13-14.) The parties were notified of the time within which
14 to file objections to the Report and Recommendation.

15 On August 25, 2006, this Court signed an order allowing Joel Golden to represent
16 Petitioner in this proceeding.

17 On October 5, 2006, the Court entered an order granting Petitioner until November 17,
18 2006 to file objections to the Report and Recommendation of the Magistrate Judge and
19 Respondent until December 12, 2006 to file any reply.

20 On November 17, 2006, Petitioner filed Objections to the July 25, 2006 Report and
21 Recommendation. Petitioner asserts that he has exhausted all of the claims presented in the
22 federal petition. In the alternative, Petitioner asserts that he can show good cause for failure
23 to exhaust his state court remedies. Petitioner requests that the Court grant him permission to
24 file a declaration setting forth the facts which will establish good cause for the failure to
25 exhaust. Petitioner specifically stated that he does not object to the portion of the Report and
26 Recommendation in which the Magistrate Judge concludes that Petitioner has exhausted his
27 claim set forth in Ground Two for "ineffective assistance of trial counsel on the narrow issue
28 of trial counsel's failure to have an MRI examined by experts." (Report and Recommendation

at 11.)

Respondent filed no response to Petitioner's objections and no objection to the conclusion of the Magistrate Judge that Petitioner has exhausted his claim in Ground Two for "ineffective assistance of trial counsel on the narrow issue of trial counsel's failure to have an MRI examined by experts." (Report and Recommendation at 11.)

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The failure to file objections relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*. *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) citing *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

**BACKGROUND**

On March 5, 2001, Petitioner took his father's .22 caliber revolver and 40 rounds of ammunition to Santana High School in Santee, California. At approximately 9:20 a.m., Petitioner went into the boys bathroom in the school, loaded the gun, and began to shoot from the bathroom door at students and school personnel. Petitioner went back into the bathroom four times to reloaded the gun, and continued to shoot. Petitioner shot and killed two students and wounded 13 others. After deputies arrived at the school, Petitioner surrendered his weapon and was taken into custody.

On March 7, 2001, Petitioner was charged in the Superior Court, County of San Diego, State of California in a felony complaint with two counts of murder, thirteen counts of attempted murder, and thirteen counts of assault with a firearm in violation of the California Penal Code. Counts One and Two each contained the allegations the Petitioner intentionally and personally discharged a firearm causing great bodily injury or death within the meaning of Penal Code section 12022.53(d) and special circumstance allegations of lying in wait and

multiple murder under Penal Code section 190.2. Personal firearm use enhancement allegations accompanied all counts. All charged offenses were alleged to have occurred on March 5, 2001 when Petitioner was 15 years old. Because Petitioner was alleged to have been over fourteen years of age at the time of the offenses and the complaint alleged the commission of an offense listed in Welfare and Institutions Code § 602(b), the complaint was required to be filed in a court of criminal jurisdiction. (Lodgment 1.)

On March 30, 2001, Petitioner filed a demurrer in the Superior Court moving the trial court to dismiss the complaint on the grounds that the State of California initiative Proposition 21 which required direct filing in adult court under specified special circumstances was unconstitutional. (Lodgment 1.) On April 27, 2001, Petitioner's motion was denied by the Superior Court. (Lodgment 1.) On May 23, 2002, the Court of Appeals Fourth Appellate District of the State of California denied Petitioner's writ of prohibition from the order of the Superior Court denying Petitioner's demurrer. (Lodgment 1.)

On June 20, 2002, Petitioner entered pleas of guilty to two counts of first degree murder with the use of firearm admitting to the special circumstance of multiple murder and thirteen counts of premeditated attempted murder with the use of a firearm admitting that he inflicted great bodily injury on the thirteen attempted murder victims. The written Plea of Guilty signed by the Petitioner and defense counsel stated that the maximum punishment as a result of my plea was "425- Life" terms. In the description of the facts, Petitioner wrote "at age 15 Brought a gun to school & intentionally shot 15 people killing 2 causing great bodily injury to 13 other. I stipulate to the police reports as a further factual basis.  I did  so willfully, deliberately & w/premeditation." (Lodgment 1 at  514.)

On August 15, 2002, the trial court sentenced Petitioner to 25 years to life on Count One, with a consecutive term of 25 years to life for the violation of Penal Code § 12022.53(d). The same term was imposed with respect to Count Two and ordered to run concurrent with Count One. Sentences of 25 years to life were imposed on each of Counts 3-15 and ordered to run concurrently. (Lodgment 1 and Lodgment 2.)

On May 3, 2003, Petitioner  through counsel appealed his conviction to the Court of

1  Appeal of the State of California raising the following four grounds for relief: 1) the trial court
2  committed reversible error by not ordering a fitness study before sentencing him as an adult
3  pursuant to Penal Code §§ 1170.16 and 1170.19 because at the time of the offense Petitioner's
4  culpability was mitigated by immaturity and he was amenable to treatment as a juvenile; 2)
5  Penal Code § 190.5 is expressly limited to persons who were over 16 but under 18 years of age
6  at the time of the offense, therefore the finding of special circumstances was unauthorized and
7  the allegations must be stricken;  3)  the refusal to strike the Welfare and Institutions Code §
8  602(b) allegation or to stay the special circumstances allegations, and the imposition of an
9  adult sentence, constituted an abuse of discretion where Petitioner's lack of developmental
10 maturity affected his culpability and warranted treatment as a juvenile; and 4)  imposition of
11 the enhancements pursuant to Penal Code § 12022.53(d) must be reversed because it results
12 in a punishment which is cruel and unusual when applied to a juvenile subject to the direct file
13 provisions of Welfare and Institutions Code §§ 602(b) and 707(d)(2). (Lodgment 3.)

14        On January 30, 2004, the California Court of Appeal affirmed the judgment of the trial
15 court in an unpublished opinion.  (Lodgment 5.)   Petition for Rehearing was denied.
16 (Lodgment 6 and 7.)

17        On March 5, 2004, Petitioner through counsel, filed a Petition for Review in the
18 Supreme Court of the State of California.  The petition raised the single claim as follows: "[i]f
19 Penal Code section 190.5 precludes special circumstances finding as to an offender who is
20 under the age of 16 at the time of the offense, is such an allegation, made solely to invoke the
21 mandatory  direct file provision of Welfare and Institutions Code section 602, subdivision (b),
22 and to avoid the reverse remand procedures pursuant to Penal Code Section 1170.19,
23 authorized to preclude a juvenile disposition instead of an adult sentence for an offender who
24 was 15 years old at the time of the offense?"  (Lodgment 8.)

25        On April 14, 2004, the Supreme Court of the State of California denied the Petition for
26 Review without opinion. (Lodgment 9.)

27        On February 16, 2005, Petitioner, representing himself, filed a Notice of Motion to
28 Vacate Judgment in the Superior Court of the State of California raising the following claims:

1) that he could not knowingly and intelligently enter into a guilty plea without parental consent; 2) that there was evidence that a plea of not guilty by reason of temporary insanity was appropriate; 3) that he lacked the legal standing to enter into a plea without written parental permission because he was a minor prohibited by California law and federal statutes from entering into a contract; 4) that appointed trial counsel rendered ineffective assistance by allowing the entry of a plea without a full psychiatric evaluation, by failing to move to suppress an interrogation conducted without Petitioner's counsel or parents present, and by failing to obtain parental approval before allowing him to enter a plea of guilty; and 5) that appointed appellate counsel rendered ineffective assistance by failing to consult with him prior to filing direct appeal, filing the appeal brief without his prior approval, and limiting his appellate issues by appealing only those matters occurring after the sentence. (Lodgment 10).

On March 14, 2005, the Superior Court of San Diego denied Petitioner's Motion to Vacate Judgment as untimely. (Lodgment 11.)

On March 22, 2005, Petitioner, representing himself, filed a Petition for Writ of Coram Vobis[1] in the California Court of Appeal raising the following claims: 1) that an MRI (Magnetic Resonance Imaging) of his brain taken shortly after the crime could have been analyzed to determine whether his brain development showed a lack of maturity and impulse control; 2) that he could not have knowingly and intelligently entered into a guilty plea because there was evidence which mandated a plea of guilty by reason of insanity and minors are prohibited from entering into contracts; 3) that trial counsel rendered ineffective assistance because by allowing entry of a plea without a full psychiatric evaluation, failing to move to suppress an interrogation conducted without counsel or parents present, and failing to discuss and obtain parental approval before the guilty plea; and 4) that appointed counsel limited his appellate issues by appealing only those matters occurring after the judgment.  Petitioner claimed that the issues raised in the Writ of Coram Vobis could not have been raised on direct appeal because appellate counsel failed to consult with him prior to filing the appeal brief.

---

[1] Traditionally, a Writ of Coram Vobis is issued by an appellate court to a trial court to review the trial court's judgment based on an error of fact.  *See* Black's Law Dictionary  338 (7th ed. 1999).

(Lodgment 12.)

On April 11, 2005, Petitioner filed the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this federal court.

On April 15, 2005, the California Court of Appeal denied the Petition for Writ of Coram Vobis without explanation. (Lodgment 13.)

On April 18, 2005, this federal court notified Petitioner of the possibility of dismissal for failure to exhaust all state remedies. (Docket No. 4.)

On May 5, 2005, Petitioner filed a motion requesting a 60-day stay to exhaust all state remedies. (Docket No. 6.)

On May 9, 2005, Petitioner, representing himself, filed a Petition for Review with the Supreme Court of the State of California which stated in full:

> Petitioner Charles Andrew Williams petitions this Court to review the post-conviction denials of an application for coram nobis (sic) in the trial court, and denial of coram vobis in the appellate court. The Superior Court of San Diego denied relief on 14 March 2005, and the appellate court denied relief on April 15, 2005.
>
> The petitioner moves this Court to review based upon the when does a teenage defendant with no criminal experience get the chance to challenge ineffective assistance of counsel at the trial and appellate stages? The Superior Court of the United States has recently ruled teenage criminal defendants cannot be sentenced to death because their brains are not fully developed, and yet there is an unread MRI of this teenage criminal defendant's brain, taken just after shooting 15 fellow students and school personal, but no lawyer appointed had it examined, considered, or used in defense. When? Where? What Court takes this claim seriously?
>
> Neither the trial court's denial nor appellate court's denial addressed the merits but merely made procedural denials.
>
> Review is warranted by the State's highest Court to set standards of representation for teenage criminal defendants who are victimized by appointed counsel who render ineffective assistance of counsel.

(Lodgment 14.)

On June 7, 2005, the Petitioner's request for a stay in this federal court was denied by the Magistrate Judge and Petitioner was provided with detailed options and the consequences of those options. (Docket No. 7.)

On June 22, 2005, the Supreme Court of the State of California denied the Petition for Review without explanation. (Lodgment 15.)

1  On July 6, 2005, Petitioner, representing himself, filed a Notice of Full Exhaustion and Declaration of Exhaustion in this federal court. (Docket No. 8.) On July 11, 2005, the Magistrate Judge construed the notice as a Supplemental Memorandum Regarding Exhaustion and ordered the Respondent to file a response.

On November 21, 2005, Respondent filed the Motion to Dismiss Petition for Writ of Habeas Corpus now before this Court. Respondent contends that Petitioner's claims are unexhausted and, in the alternative, if the Court finds that some claims are unexhausted, that the Court should not issue a stay.

On December 2, 2005, Petitioner, representing himself, filed an Opposition to the Respondent's Motion to Dismiss and a Motion for Judicial Notice.

## DISCUSSION

*Judicial Notice*

Petitioner requests that this Court take judicial notice of (1) *Ivy v. Caspari*, 173 F. 3d 1136 (8th Cir. 1999), (2) a New York Times article dated October 3, 2005, (3) Payment Guidelines for Appointed Counsel Representing Indigent Criminal Appellants issued by the Supreme Court of the State of California, and (4) the Internal Operating Practices and Procedures of the Supreme Court of the State of California.

Judicial Notice is governed by Federal Rule of Evidence 201 which governs only judicial notice of adjudicative facts. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *FRE 201*. The Court may take judicial notice of another court's opinion, but "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Petitioner's request for judicial notice of *Ivy v. Caspari*, is granted as to the existence of the opinion and otherwise denied on the grounds that Petitioner has not met the burden of showing that judicial notice is proper.

*Exhaustion*

As a matter of federal-state comity, federal courts generally do not consider a claim in a habeas corpus proceeding until the state courts have had an opportunity to act upon the claim. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198 (1982). State courts, like federal courts, are obliged to enforce federal law. Comity dictates that when a prisoner alleges that his continued confinement for a state court conviction violated federal law, the state courts should have the first opportunity to review this claim and provide necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728 (1999).

"An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State; or . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of a State court to raise, by any available procedure, the question presented." *Id.* at § 2254 (c)).

A state prisoner must fairly present his claim to the state's highest court on direct appeal or on state collateral remedies in order to properly exhaust his claim. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). To exhaust his state court remedies, a petitioner in federal court is required to give the state court a "fair opportunity" to act on his claims before presenting the claim to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. at 844-45. In *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887 (1995), the United States Supreme Court explained that a state prisoner must exhaust available state remedies pursuant to 28 U.S.C. § 2254 (b)(1) "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" *Id.* at 365 (internal quotations omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-366.

1  "To provide the State with the necessary opportunity the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. at 29 (internal citations omitted). In *Baldwin*, the Supreme Court explained that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'." *Id*. at 32. The Supreme Court stated "[w]e . . . hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or its brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*.

In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the petitioner asserted that his various trial court motions and his opening brief in the Arizona Court of Appeals[2] fairly presented his federal due process claim to the state court. The Court of Appeals for Ninth Circuit found that Castillo had failed to fairly present his federal due process claim to the state court concluding that "[t]he Supreme Court foreclosed that argument in *Baldwin*. The Arizona appeals court was not required to comb the trial court's decision to discover Castillo's federal constitutional issue. *Baldwin*, 124 S.Ct. at 1350 (declining to require state appellate judges to read lower state court opinions). *A fortiori*, the Arizona Court of Appeals was not required to review the parties' trial court pleadings to see if it could discover for itself a federal, constitutional issue. To exhaust his claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo*, 399 F.3d at 1000.

### *Ground One: Ineffective Assistance Of Appellate Counsel*

In Ground One of his federal petition, Petitioner sets forth a claim for denial of effective

---

[2] Unlike California, "Arizona has identified Supreme Court review as outside the standard review process and has plainly said that it need not be sought for the purpose of exhaustion." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)(internal quotations omitted).

1  assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights
2  under the United States Constitution.  Petitioner states the following specific facts in support
3  of his claim: (1) appointed appellate counsel did not consult with him before filing briefs on
4  direct appeal, (2) appointed appellate counsel failed to raise the issue of ineffective assistance
5  of trial counsel, and (3) appointed appellate counsel failed to raise the issue of his mental state
6  and the issue of the failure of trial counsel to plead him not guilty by temporary insanity.
7  (Petition for Writ of Habeas Corpus at 6.)

8  The Magistrate Judge concluded that "only the claim that appointed counsel did not
9  consult with him before filing briefs on direct appeal was raised in Petitioner's Motion to
10 Vacate Judgment (Lodgment 10) and the Petition for Writ of Coram Vobis (Lodgment 12).
11 The other two claims of ineffective assistance of appellate counsel have not been raised by
12 Petitioner in any of his previous petitions for review.  Therefore, Petitioner's first ground for
13 review must be dismissed because not all claims have been subject to review by the state's
14 highest courts as required by *Kellotat.*"  (Report and Recommendation at 7-8.)

15 Petitioner objects to the Report and Recommendation on the grounds that the claim that
16 appointed appellate counsel did not consult with him before filing briefs on direct appeal was
17 raised in Petitioner's Motion to Vacate Judgment filed in Superior Court and the Petition for
18 Writ of Coram Vobis filed in the State of California Court of Appeals.  Petitioner contends that
19 he did exhaust all three claims in Ground One of this federal petition in the state court or, in
20 the alternative, that he exhausted the claim relating to appellate counsel not consulting with
21 him before filing briefs on direct appeal.

22 Respondent claimed that Ground One is unexhausted because Petitioner failed to raise
23 any of these three grounds for relief in the Petition for Review filed in the Supreme Court of
24 the State of California.  Respondent acknowledges that Petitioner stated in the Motion to
25 Vacate Judgment filed in Superior Court and the Petition for Writ of Coram Vobis filed in the
26 State of California Court of Appeals that his lawyer failed to consult him during the appeal but
27 asserts that Petitioner did not identify this as a Ground for relief in the Petition for Review in
28 the State of California Supreme Court.

The Petition for Review filed in the Supreme Court of the State of California stated in full:

> Petitioner Charles Andrew Williams petitions this Court to review the post-conviction denials of an application for coram nobis (sic) in the trial court, and denial of coram vobis in the appellate court. The Superior Court of San Diego denied relief on 14 March 2005, and the appellate court denied relief on April 15, 2005.
>
> The petitioner moves this Court to review based upon the when does a teenage defendant with no criminal experience get the chance to challenge ineffective assistance of counsel at the trial and appellate stages? The Superior Court of the United States has recently ruled teenage criminal defendants cannot be sentenced to death because their brains are not fully developed, and yet there is an unread MRI of this teenage criminal defendant's brain, taken just after shooting 15 fellow students and school personal, but no lawyer appointed had it examined, considered, or used in defense. When? Where? What Court takes this claim seriously?
>
> Neither the trial court's denial nor appellate court's denial addressed the merits but merely made procedural denials.
>
> Review is warranted by the State's highest Court to set standards of representation for teenage criminal defendants who are victimized by appointed counsel who render ineffective assistance of counsel.

(Lodgment 14).

Petitioner's reference to his prior filings in the Superior Court and the State of California Court of Appeals does not incorporate all issues in those pleadings into the Petition for Review in the Supreme Court of the State of California. The Supreme Court of the State of California was not required to seek out and review the pleadings filed by Petitioner in the lower courts. See *Baldwin v. Reese,* 541 U.S. at 32; *Castillo v. McFadden*, 399 F.3d at 1000. Supreme Court of the State of California Rule 28.1(b) provides "Content of a petition ... [t]he body of the petition must begin with a concise, nonargumentative statement of the issues presented for review, framing them in terms of the facts of the case but without unnecessary detail." The Petition for Review in this case fails to set forth any of the legal or factual assertions made in Ground One of the federal petition. This Court concludes that Petitioner's Petition for Review filed in the Supreme Court State of California did not fairly present any of the three claims of ineffective assistance of appellate counsel set forth in Ground One of Petitioner's federal Writ of Habeas Corpus. Petitioner's claims in Ground One were not subject to review by the state's highest court and are not exhausted under 28 U.S.C. §

2254(b)(1)(A).

### *Ground Two: Ineffective Assistance of Trial Counsel*

In Ground Two of his federal petition, Petitioner sets forth a claim for denial of effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution. Petitioner alleges the following facts in support of this claim: (1) his trial counsel erred by allowing him to enter a plea without a psychiatric examination, (2) his trial counsel failed to move to suppress an interrogation which was conducted without parental assistance or counsel, (3) his trial counsel failed to have an MRI examined by experts, (4) his trial counsel induced him to plead guilty notwithstanding his young age and intellectual immaturity, and (5) his trial counsel became an agent for the prosecution by agreeing to have certain material read into evidence against him. (Petition for Writ of Habeas Corpus at 7-8.)

The Magistrate Judge concluded

> Petitioner raises assertions 1, 2, and 4 in his Motion to Vacate Judgement [Lodgment 10] with general statements and did not cite any law to support his position. Similarly, Petitioner raises assertions 1, 2, 3, and 4 in his Petition for Writ of Coram Vobis [Lodgment 12], again without presenting the court with any legal justification. Petitioner never specifically raises assertion 5 in any of his previous petitions. However, it appears to the Court that assertion 5 is identical to assertion 2. Presumably, Petitioner raised these claims to the California Supreme Court in his Petition for Review of Denial of Post-Conviction Writs [Lodgment 14] because both the Motion to Vacate Judgement and the Petition for Writ of Coram Vobis are post-conviction writs.
>
> The U.S. Supreme Court in *Gray v. Netherland,* 518 U.S. 152 (1996) found that, when a petitioner only presents facts necessary to state a claim for relief in his state court petitions, his claims are not exhausted. *Gray,* 518 U.S. at 163. In both Petitioner's Motion to Vacate Judgement [Lodgment 10] and Petition for Writ of Coram Vobis [Lodgment 12], Petitioner merely outlines claims for relief. He never presents the court with the grounds on which relief should be granted nor does he present the factual situation which gives rise to the claims.
>
> In his Opposition to the Motion to Dismiss the Petition, Petitioner, directs the court to *Blackledge v. Allison*, 431 U.S. 63 (1977), which stands for the proposition that notice pleadings are sufficient if they reach the standard that points to a real possibility of a constitutional violation. *Blackledge* 431 U.S. at 76 fn. 7. However, the notice pleading standard described in *Blackledge* goes beyond the pleadings in the instant case. The *Blackledge* court stated:
>
>> "Allison alleged as a ground for relief that his plea was induced by an unkept promise. But he did not stop there. He proceeded to elaborate upon this claim with specific factual allegations. The petition indicated exactly what the

> terms of the promise were; when, where, and by whom the promise had been made; and the identity of one witness to its communication." *Blackledge*, 431 U.S. at 75-76.
>
> The distinguishing details found in *Blackledge* concern the specificity of the factual grounds presented. In contrast, Petitioner in the instant case merely provides the court with general statements, in outline form, that do not describe the factual scenario upon which his claims rest. Therefore, Petitioner's reliance on *Blackledge* is not convincing as to claims 1, 2, 4, and 5.
>
> Given the decisions in *Gray* and *Blackledge*, Petitioner's claims 1, 2, 4, and 5 regarding ineffective assistance of trial counsel cannot be found to have been exhausted without Petitioner providing legal justification for his claims or sufficient facts to warrant a conclusion that there was a constitutional violation.
>
> **However, liberally reviewing Petitioner's second Petition for Review to the California Supreme Court [Lodgment 14], in claim 3 Petitioner raises one instance of ineffective assistance of trial counsel, with sufficient factual detail under *Blackledge* to raise a claim for relief. Petitioner states, "...and yet there is an unread MRI of this teenage criminal defendant's brain, taken just after shooting 15 fellow students and school personnel, but no lawyer appointed had it examined, considered, or used in defense." [Petitioner's second Petition for Review, Denial of Post-Conviction Writs, Lodgment 14 at 2]. Under the *Kellotat* standard, this pleading provides the opportunity to review Petitioner's single claim of ineffective assistance of counsel for not having the MRI examined by experts. Therefore, this claim is exhausted.**

(Report and Recommendation at 8 and 9) (footnotes omitted) (emphasis added).

Petitioner objects to the Report and Recommendation on the grounds that he "specifically raised each of these issues in his Motion to Vacate Judgment and his Petition for Writ of Coram Vobis which were denied by the trial court, Court of Appeals and California Supreme Court." Petitioner's Objections to Report and Recommendation at 4. Petitioner specifically states that he does not object to the recommendation of the Magistrate Judge to find that claim three of Ground Two is exhausted. Respondent files no objection to the conclusion of the Magistrate Judge that claim three of Ground Two is exhausted.

Petitioner raised claims 1, 2, and 4 in his Motion to Vacate Judgment in Superior Court and claims 1, 2, 3, and 4 in his Petition for Writ of Coram Vobis in the State of California Court of Appeals. However, Petitioner did not raise claims 1, 2 and 4 in the Petition for Review filed in the Supreme Court of the State of California. Petitioner's reference to his prior filings in the Superior Court and the State of California Court of Appeals does not incorporate all issues in the prior pleadings. The Supreme Court of the State of California was not required to seek out and review the pleadings filed by Petitioner in the lower courts in order to discover issues not

set forth in the four corners of the Petition for Review filed by Petitioner. See *Baldwin v. Reese,* 541 U.S. at 32; *Castillo v. McFadden*, 399 F.3d at 1000. The general references to ineffective assistance of counsel in the Petition for Review filed in the Supreme Court of the State of California do not include reference to error by trial counsel in allowing Petitioner to enter a plea without a psychiatric examination; failing to move to suppress an interrogation; or inducing Petitioner to plead guilty. The facts asserted in claim 5 of Ground Two that trial counsel became an agent for the prosecution were not presented in any prior pleading in the state court. This Court concludes that the Petition for Review filed in the Supreme Court State of California did not fairly present any the claims of ineffective assistance of trial counsel set forth in Ground Two claims 1, 2, 4, and 5 of the federal petition. Petitioner's claims in Ground Two claims 1, 2, 4, and 5 were not subject to review by the state's highest court and are not exhausted under 28 U.S.C. § 2245(b)(1)(A).

The Petition for Review filed in the Supreme Court of the State of California makes reference to trial counsel failing to have an MRI examined by experts. The Magistrate Judge found that "this pleading provides the California Supreme Court the opportunity to review Petitioner's single claim of ineffective assistance of counsel for not having the MRI examined by experts. Therefore, this claim is exhausted." Report and Recommendation at 9. Respondent filed no objection to this finding. The failure to file objections relieves the trial court of its burden to give *de novo* review to factual findings. *Brilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) citing *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The Court has reviewed the conclusions of law *de novo* and adopts the finding of the Magistrate Judge that the claim in Ground Two for denial of effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights under the United States Constitution on the grounds that his trial counsel failed to have an MRI examined by experts was exhausted.

***Ground Three: Petitioner Did Not Knowingly and Intelligently Enter Into the Guilty Plea***

In Ground Three of his federal petition, Petitioner raises the claim that he could not knowingly and intelligently enter into the guilty plea because he (1) had an undeveloped mental

capacity at the time he entered into the plea and (2) was too young to enter into a binding contract. (Petition for Writ of Habeas Corpus at 9.)

The Magistrate Judge concluded that Ground Three was not exhausted explaining:

> Petitioner raised these claims in both his Motion to Vacate Judgment [Lodgment 10] and his Petition for Writ of Coram Vobis [Lodgment 12]. However, under *Gray supra*, Petitioner has failed to direct the Court to a specific claim that he did not knowingly and intelligently enter into a guilty plea. [Lodgment 14]. In the Petition for Review, Petitioner references the Writ of Coram Vobis but fails to make the claim that he is appealing his capacity to enter into a plea. Petitioner stated
>
>> Review is warranted by the State's highest Court to set standards of representation for teenage criminal defendants who are victimized by appointed counsel who render ineffective assistance of counsel. Petition For Review [Lodgment 14 at 2].
>
> By failing to direct the court to the issue, Petitioner never raised this issue to the California Supreme Court. Under 28 U.S.C. § 2254 federal courts are required to give the state an initial opportunity to correct alleged violations of its prisoners' federal rights. *Kellotat*, 719 F. 2d at 1029. Prisoners must exhaust all available state remedies before requesting federal review. *Kellotat*, 719 F. 2d. at 1027. By not raising this specific claim to the California Supreme Court, Petitioner cannot claim to have exhausted all state remedies. Therefore, this claim is unexhausted and not ripe for review.

(Report and Recommendation at 10.)

Petitioner asserts in his objections that he did exhaust his state court remedies and asserts that he was "only 16 years old at the time of entering his guilty plea which has been held by many courts to be a contract." Petitioner's Objections at 5. However, Petitioner did not present this claim on direct appeal or in the Petition for Review filed in Supreme Court of the State of California. None of the facts asserted in Ground Three of the federal petition were subject to review by the highest court of the State of California and Ground Three is not exhausted under 28 U.S.C. § 2254(b)(1)(A).

*Ground Four: Sentence Violates 8th Amendment Prohibition of Cruel and Unusual Punishment*

In Ground Four of the federal petition, Petitioner sets forth the claim that being sentenced as an adult violated his Eighth Amendment right against cruel and unusual punishment. Petitioner relies upon factual assertions that (1) his culpability was mitigated by his age and maturity, (2) the trial court violated the spirit and intent of California Penal Code

§ 190.5, and (3) the trial court's failure to consider expert evidence all contributed to the violation of his Eighth Amendment rights. (Petition for Writ of Habeas Corpus at 11.)

Petitioner raised a claim of violation of his Eighth Amendment rights in his direct appeal to the State of California Court of Appeals. (Lodgment 3.) The State of California Court of Appeals stated

> Appellant was 15 years of age and had no prior history of criminality when he committed these very serious crimes. He was apparently depressed at the time. Against this we note appellant's motive for the crime was apparently to cause widespread pain and suffering. He premeditated the crimes and personally carried them out at school. He was suffering from no serious mental disorder and was not of limited intelligence. Having shot three persons in the restroom, rather then recoiling at the enormity of his act, he repeatedly reloaded his gun and continued to shoot students and school staff. The consequence of appellant's act not only on his victims and their families but on the school and on the community is incalculable. . . . The imposition of section 12022.53, subdivision (d), enhancement on appellant was not cruel and/or unusual punishment.

(Lodgment 5 at 22-23). Petitioner did not appeal this decision on direct appeal to the Supreme Court of the State of California and did not raise this issue on collateral review. Petitioner's claim for violation of his Eighth Amendment rights in Ground Four of the federal petition is not exhausted because the Supreme Court of the State of California has not had the opportunity to rule on the merits of this claim.

*Conclusion*

This Court concludes that Petitioner has exhausted the claim in Ground Two of ineffective assistance of trial counsel on the grounds that his trial counsel failed to have an MRI examined by experts and that Petitioner has failed to exhaust all other claims presented in his federal petition. Petitioner is entitled to proceed on his exhausted claim and Respondent is not entitled to an order dismissing the entire petition.

A petition that contains both exhausted and unexhausted claims is a mixed petition. *See Rhines v. Weber*, 544 U.S. 269, 271, 125 S.Ct. 1528 (2005). When dealing with a mixed petition, the Court must make a determination as to whether to issue a stay and hold the exhausted claims in abeyance to allow the Petitioner to fully exhaust other unexhausted claims. This stay and abeyance is available only in limited circumstances and a mixed petition will not be stayed indefinitely. *Id.* at 277. In *Rhines*, the Supreme Court stated that it "would likely

be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278. See also, *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005) (after *Rhines,* the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard to determine whether a stay of a mixed petition should be granted).

Petitioner asserts that he can show good cause for failure to exhaust state court remedies and seeks permission from this court to file a declaration in support of good cause. Petitioner's Objections at 8. Respondent contends that the federal petition should be dismissed to allow the state court an opportunity in the first instance to address Petitioner's claims on the merits or deny Petitioner's claims as procedurally barred. Respondent asserts that "with respect to each of Petitioner's claims, his available remedy is to file a petition for writ of habeas corpus in the state courts setting forth the claims raised in the instant Petition. The state may determine that some or all of Petitioner's claims are procedurally barred, and Respondent expressly reserves the right to assert any procedural bars." (Respondent's Memorandum of Points and Authorities at 12.)

In this case, Petitioner would be time barred by the Antiterrorism Effective Death Penalty Act of 1996 from returning to state court to complete exhaustion of the claims in his federal petition and refiling a petition in federal court. Therefore, the Court will allow Petitioner to amend this federal habeas petition to include only exhausted claims or, in the alternative, to file a motion to stay the petition in order to allow Petitioner to return to state court in an attempt to exhaust his unexhausted claims. In order to obtain a stay, Petitioner must show good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and that there is no indication that the petitioner engaged in intentionally dilatory tactics. If Petitioner does not file an amended petition or a motion to stay, the Court will proceed to resolve the merits of the exhausted claim and deem the unexhausted claims to be abandoned.

1    IT IS HEREBY ORDERED that 1) Petitioner's Motion for Judicial Notice (#22) is
2 granted in part and denied in part; 2) Respondent's Motion to Dismiss the Petition (#18) is
3 denied. The Court does not adopt the Report and Recommendation (#24) filed on July 25, 2006
4 by United States Magistrate Judge William McCurine, Jr. recommending that Respondent's
5 Motion to Dismiss Petition for Writ of Habeas Corpus be granted in part and denied in part.
6 **Within 30 days of the date of this order,** Petitioner shall file an amended petition which
7 includes only the exhausted claim or, in the alternative, Petitioner shall file a motion to stay the
8 petition. If Petitioner does not file an amended petition or a motion to stay, the Court will
9 proceed to resolve the merits of the exhausted claim and deem the unexhausted claims in the
10 federal petition abandoned.

11 DATED: March 2, 2007

**WILLIAM Q. HAYES**
United States District Judge