1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHARLES ANDREW WILLIAMS, | CASE NO. 05cv0737 WQH(WMc) |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| STUART J. RYAN, Warden, | |
| Respondent. | |

Hayes, Judge:

The matter before the Court is the Motion to dismiss the petition for writ of habeas corpus (#52) filed by Respondent.

## BACKGROUND

On April 11, 2005, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this federal court raising the following four grounds for relief: 1) ineffective assistance of appellate counsel, 2) ineffective assistance of trial counsel, 3) inducement of a plea of guilty from a minor who did not knowingly or intelligently plead guilty, and 4) a claim that his sentencing as an adult violated the Eighth Amendment prohibition against cruel and unusual punishment.

On March 2, 2007, this Court concluded that Petitioner exhausted the claim in Ground Two of ineffective assistance of trial counsel on the grounds that his trial counsel failed to have an MRI examined by experts and that Petitioner failed to exhaust all other claims presented in his federal petition. (Docket No. 35 at 17.) This Court allowed Petitioner 30 days to amend

this federal habeas petition to include only exhausted claims or, in the alternative, to file a motion to stay the petition in order to allow Petitioner to return to state court in an attempt to exhaust his unexhausted claims.

On April 1, 2007, Petitioner filed the motion to stay the federal habeas petition to permit Petitioner to return to state court to attempt to exhaust all unexhausted claims.

On May 16, 2007, this Court granted Petitioner's motion to stay in order to allow the unexhausted claims to be presented to the highest level of the state court.  (Doc. # 44 at 8).

On August 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Supreme Court for the State of California alleging that his trial counsel was ineffective for failing to file a motion to suppress Petitioner's statements made during custodial interrogation shortly after his arrest; for failing to investigate his maturity and ability to exercise judgment and control over his impulses which may have lead to defenses based upon insanity, diminished control, and/or lack of intent; for advising Petitioner to enter a guilty plea despite his lack of understanding based upon his youth and immaturity; and for failing to have an available MRI of Petitioner's brain examined.  The Petition further alleged ineffective assistance of appellate counsel, and that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. (Lodgment 16).

On March 12, 2008, the Supreme Court for the States of California silently denied the petition. (Lodgment 17).

On May 15, 2008, this Court ordered Respondent to answer the federal habeas petition.

On July 10, 2008, Respondent moved to dismiss the federal habeas petition.

## RULING OF THE COURT

Respondent contends that the federal habeas petition should be dismissed because it remains partially unexhausted.  Respondent asserts that the federal habeas petition cannot be considered by this federal court on the grounds that it presents both exhausted and unexhausted claims.  Petitioner requests leave of Court to file an amended petition in order to delete all unexhausted claims.  Petitioner contends that the Court should allow him to eliminate all unexhausted claims rather than dismiss his petition.

1  Federal habeas corpus relief cannot be granted unless the petitioner has "exhausted the
2  remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  The exhaustion
3  doctrine is based upon the policy of federal-state comity, and designed to give the state courts
4  the first opportunity to correct alleged constitutional violations. *Duncan v. Henry*, 513 U.S.
5  364, 115 S.Ct. 887 (1995).  A petition that contains both exhausted and unexhausted claims
6  is a mixed petition. *See Rhines v. Weber*, 544 U.S. 269, 271, 125 S.Ct. 1528 (2005).  When
7  dealing with a mixed petition, the Court must make a determination as to whether to issue a
8  stay and hold the exhausted claims in abeyance to allow the Petitioner to fully exhaust other
9  unexhausted claims.  This stay and abeyance is available only in limited circumstances and a
10 mixed petition will not be stayed indefinitely. *Id.* at 277.

11  Federal Rule of Civil Procedure 15(a), which permits an opportunity to amend unless
12 it clearly appears from the complaint that the deficiency cannot be overcome by amendment,
13 "applies to habeas corpus actions with the same force that it applies to garden-variety civil
14 cases." *James v. R.A. Giles*, 221 F.3d 1074, 1078 (9th Cir. 2000).  The Court finds that
15 Petitioner should be allowed to amend his Petition to eliminate unexhausted claims.

16  IT IS HEREBY ORDERED that motion to dismiss the petition for writ of habeas corpus
17 (#52) filed by Respondent is denied without prejudice.  Petitioner has leave to file an amended
18 Petition within thirty days of the date of this order.

19 DATED:  January 5, 2009
20
21  **WILLIAM Q. HAYES**
   United States District Judge
22
23
24
25
26
27
28